**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RH&M MACHINE COMPANY,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 97-2018

WESTFIELD INSURANCE COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-97-16)

Argued: January 27, 1998

Decided: April 30, 1998

Before ERVIN and MICHAEL, Circuit Judges, and BRITT,
Senior United States District Judge for the Eastern District
of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Vincent Jerome King, Charleston, West Virginia, for
Appellant. Catherine Dabney Munster, MCNEER, HIGHLAND,
MCMUNN & VARNER, L.C., Clarksburg, West Virginia, for Appel-
lee. **ON BRIEF:** James A. Varner, Larry W. Chafin, MCNEER,
HIGHLAND, MCMUNN & VARNER, L.C., Clarksburg, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case involves the second declaratory judgment action between RH&M Machine Company and the Westfield Insurance Company. RH&M seeks a declaration that the insurance contract issued to it by Westfield creates a duty for Westfield to defend RH&M in a lawsuit alleging patent infringement and unfair competition. The district court granted Westfield summary judgment from which RH&M appeals. We affirm.

RH&M builds trailerable backhoes, and their design has led to two suits against the company for patent infringement. The first infringement suit was brought against RH&M by Spancrete Machinery Corporation in June 1992. Although Westfield denied that RH&M's commercial general liability policy covered such suits, it initially paid for RH&M's defense while reserving the right to seek reimbursement. Spancrete succeeded in this suit and was awarded a small amount of damages, $12,000. Westfield ultimately paid this judgment as well as RH&M's defense costs.

However, while the Spancrete litigation was pending, Westfield brought the first declaratory judgment action in the Northern District of West Virginia seeking a declaration that its insurance policy did not create a duty to defend or indemnify RH&M on claims of patent infringement. In December 1993 Westfield agreed not to seek reimbursement from RH&M for the costs that Westfield had incurred in the Spancrete suit, but Westfield reserved the right to continue with its declaratory judgment action. Two-and-one-half years later (on April 8, 1996), however, the parties voluntarily dismissed the declaratory judgment suit with prejudice.

Thereafter, HCC, Inc., a company that had purchased Spancrete's backhoe patent, sued RH&M for infringement on this same patent.

2

RH&M again tendered the defense to Westfield under its insurance contract, but Westfield denied RH&M's request for coverage, defense, and indemnity. RH&M then filed this declaratory judgment action in West Virginia state court, and Westfield removed the action to federal court.

The district court subsequently granted summary judgment for Westfield. Ruling from the bench, the court held that the first declaratory judgment action did not have a res judicata or collateral estoppel effect that would bar Westfield from arguing that its policy did not cover the HCC suit. While recognizing that cases dismissed with prejudice are normally considered to be decisions on the merits, see Harrison v. Edison Bros. Apparel Stores, Inc., 924 F.2d 530, 534-35 (4th Cir. 1991), the court adopted the reasoning of Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc., 575 F.2d 530, 534-40 (5th Cir. 1978), and ruled that declaratory judgment actions dismissed with prejudice are not final judgments on the merits that can serve as res judicata. Similarly, the court ruled that because the extent of the policy's coverage was not actually decided in the first declaratory judgment action, that action did not collaterally estop Westfield from denying coverage here.

The district court then found for Westfield on the merits of the suit. The court rejected RH&M's argument that HCC's allegations of patent infringement stated an "advertisement injury" that would be covered by Westfield's insurance policy. According to its terms, the policy provided "advertising injury liability" coverage for the following "advertising injur[ies]" caused by RH&M "in the course of advertising [its] goods, products or services":

> a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> b. Oral or written publication of material that violates a person's right of privacy;
>
> c. Misappropriation of advertising ideas or style of doing business; or

3

        d. Infringement of copyright, title or slogan.

Although RH&M argued that HCC's complaint alleged injuries covered by paragraphs (a) and (d), the district court disagreed and granted summary judgment for Westfield.

On appeal, RH&M challenges the district court's ruling (1) that res judicata and collateral estoppel do not preclude Westfield from denying coverage and (2) that HCC's claims of patent infringement are not covered by the insurance contract. RH&M also contends that HCC's lawsuit alleges an advertising injury arising from a misappropriation of a style of doing business (see par. (c)) because HCC's complaint alleges that RH&M advertised an infringing backhoe but ultimately sold a non-infringing backhoe. However, since this last argument was not raised before the district court, we decline to address it on appeal. As to RH&M's other arguments, we affirm on the reasoning of the district court.

<u>AFFIRMED</u>

4